# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7858 | **DATE** | November 7, 2012 |
| **CASE TITLE** | Cyricus Morgan (#2008-0058476) v. Sheriff T. Dart, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. The court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $17.83 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk is directed to forward a copy of this order to Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. The Clerk is directed to issue summonses for Defendants Dart and Superintendent Bradley, and the United States Marshals Service is appointed to serve them. The Clerk shall send Plaintiff Instructions for Submitting Documents, along with a copy of this order. Plaintiff's motion for appointment of counsel [#4] is denied without prejudice..

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

Plaintiff, Cyricus Morgan, presently in custody of the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that he injured his ankle in June of 2012 and was prescribed crutches to take his weight off of the ankle, but prison authorities refused to let him use the crutches. In addition, in spite of multiple requests, he was unable to obtain adequate care for his ankle. On July 16, 2012, while trying to shower without crutches or a chair to sit on in the shower, he fell, injuring his back. With respect to Tom Dart, Plaintiff alleges a custom and policy of failing to provide accommodation to detainees who suffer from injuries and handicaps.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $17.83. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10, until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, assuming his factual allegations are true, Plaintiff has stated a claim under the Civil Rights Act as to all Defendants for deliberate indifference to a serious medical need. *Davis v. Carter*, 453 F.3d 686, 696 (7th Cir. 2006); *see also Wilson v. Groze,* 800 F. Supp. 2d 949, 952-53 (N.D.Ill 2011) (Castillo, J) . While a more fully developed record may belie the Plaintiff's allegations, Defendants must respond to the complaint.

Plaintiff has pleaded facts against Defendant Dart sufficient to state an official capacity for a custom and policy of denying him adequate medical care. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978); *King v. Kramer,* 680 F.3d 1013, 1020 (7th Cir. 2012).

| STATEMENT |
|---|

    The Clerk shall issue summonses for service of the complaint on Defendants Dart and Bradley (hereinafter, "Defendants"). The Clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

    The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. If a Defendant can no longer be found at the work address provided by Plaintiff, the Cook County Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by FED. R. CIV. P. 4(d)(2) before attempting personal service.

    Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendant]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.

    Plaintiff has filed a motion for appointment of counsel. The motion is denied without prejudice. Plaintiff has no right to counsel in a civil case. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). The case at the present time does not involve complex discovery or an evidentiary hearing, and Plaintiff's pleadings support the conclusion that he is capable of representinghimself at this stage of the proceedings. Accordingly, his motion for the appointment of counsel is denied without prejudice. *See Pruitt v. Mote,* 503 F.3d 647, 656-59. (7th Cir. 2007).